IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT C. BURGESS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-231-SMY |
| | ) |
| WARDEN DAN SPROUL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Albert C. Burgess, Jr. filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the conditions of his confinement. Burgess asserts that he is not housed in the proper unit, that other inmates assaulted him, and that he has been denied medical care (Doc. 1). He concludes, "This is a claim under the 8th Amendment." *Id.*

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits the Court to apply the Rules to other habeas corpus cases.

Burgess' claims pertain to the conditions of his confinement; they are not habeas claims and cannot be pursued in a § 2241 petition. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must bring the claim in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005).[1]

---

[1] This Court declines to construe Burgess' habeas petition as a civil rights complaint. *Bunn v. Conley*, 309 F.3d 1002,

For the foregoing reasons, Petitioner Albert C. Burgess Jr.'s 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a).

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e). An appellant who is granted IFP status still incurs the obligation to pay the entire appellate filing fee. *Thomas v. Zatecky,* 712 F.3d 1004, 1004-05 (7th Cir. 2013); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:** August 9, 2022

**STACI M. YANDLE**
**United States District Judge**

---

1007 (7th Cir. 2022) (instructing district courts not to convert habeas petitions to civil rights actions).